Next case for argument Brzowski v. Melvin. Mr. Mitchell. Good morning. May it please the court, my name is Jay Mitchell and I'm court-appointed counsel representing the petitioner-appellant Walter Brzowski. Mr. Brzowski is sitting in the Pontiac Correctional Center although his sentence of incarceration ended almost two years ago. As of today Mr. Brzowski has spent 2,154 days behind bars even though he was only sentenced to 548 days of imprisonment for sending mail to his then wife and children. You know we keep using all these days, months, and years and the sentencing guidelines use months. How long has he been in there by months or years? Right, he's been there for five and a half years. He's been incarcerated for five and a half years. That's correct. Thank you. Now Mr. Brzowski understandably has been frustrated with his circumstances and has thus filed numerous pro-state petitions in federal and state courts due in large part because to his mistaken belief that the he's been incarcerated for five and a half years and he was originally sentenced to two, right? And the one that was set aside. I'm sorry? In the case that was found was reversed. Right, so he was sentenced to a total of four years in the cases that were overturned and then on resentencing he pleaded guilty to one count and then the state dropped the other three charges. Total of four years in the first go-around? First go-around, four years, then after the third district appellate court found that he had been denied his right to counsel, it reversed, and then he pleaded guilty to one count, the state dropped the other three counts, and he was given one and a half year sentence. So that would be three years at fifth percent which results in a year and a half sentence. And the court also credited him with 1,452 days for time already served and that made him eligible. Any way you look at it, he's done five and a half years for a sentence. That's correct. And the reason why he's behind bars for that much longer than he's been sentenced is that the state reports that he doesn't have an approved MSR host site and that's a parole site. And the reason for that is unexplained. Yes, so the state refuses to explain why they did not approve his mother's residence. Right, and he repeatedly claims that my mom's house is an appropriate host site. The state says you don't have an approved host site. And in this appeal, we said no, there's no evidence that anyone from Illinois ever went out to his mom's house to investigate whether it's appropriate or not. And in Illinois, as set out in Murdoch, the Northern District explains that an official is required to personally visit the proposed site to determine whether it's appropriate or not. In this case, there's no evidence whatsoever that anyone went out to Mr. Brzezowski's mother's house. Yet the state insists that Mr. Brzezowski has been given due process. And based on Supreme Court cases and Marcy and Matthews v. Eldridge, that cannot stand. There's no way on earth that the state can say we did not investigate your site, we're going to deny that it's appropriate. Yet you've been given due process. Now below, the district court dismissed Mr. Brzezowski's petition as moot because it mistakenly concluded that he was making a petition on his overturned convictions instead of the petition that was before the court, which clearly states that he's making a petition based on the fact that he's been in prison longer than he should have been, and that violates his constitutional rights. This court, after reviewing the record on appeal, issued a certificate of appealability and stated that we find that Brzezowski has made a substantial showing that he's been kept in prison beyond his sentence, which violates his constitutional rights. And to be honest with you, Your Honor, this case is procedurally messy, and that's because Mr. Brzezowski has filed a lot and talked a number of times. He's very anxious to get out, and he doesn't understand why he's done all these petitions. And as you mentioned, Judge, it's pretty clear that he's been there for longer than he should have been under any circumstances, but yet he's still sitting in prison. And we even had a state court judge say that. Yes, Judge Lund, in a March 2nd order, although he ultimately denied Mr. Brzezowski's... And I saw the next line, he denied it. Right, right, which I think that's outrageous, and the state would have you believe that that doesn't matter. All you should look at it is that Mr. Brzezowski hasn't, you know, exhausted state court remedies. But when you look at it, Mr. Brzezowski has in fact given the state courts more than a fair opportunity to correct errors. This all arises out of the fact that he sent a Christmas card to his son and a letter to his wife? That's, from my understanding, that's what... There's nothing underlying it. So she, his then wife, I believe they're now divorced, she got an emergency order of protection. I understand, she got a protective order. Right, and that's... And was it a divorced judge that sentenced him to two years or whatever? No, that was the trial court that sentenced him, so there are trials that were held... They kicked it over to another judge. Right, so the trials were held specifically on the issues of whether this, him sending this letter to his then wife and children violated an order of protection. The court found that it did, but reversed, as I mentioned before, because he was denied his right to counsel. You mentioned exhaustion. What about jurisdiction? So, I'm sorry? Jurisdiction. With respect to this court's jurisdiction? Yeah. So the court rightfully issued a certificate of appealability. I have to find that Mr. Brzezowski had made a substantial showing that his case was abrogated, and I believe that, and he made his petition based on section 2254, which grants his court's jurisdiction, and the order from district court was final on April 28th, and that's the order, the final order from which Mr. Brzezowski is... If anything seems futile, it's his effort to try to receive a remedy through his state court system, right? That's correct, Your Honor. I've reviewed the record many times, and it seems like he's just... The state courts, for some reason, will not take a serious look at Mr. Brzezowski's claims, and he's done... Well, I'm gonna ask the state why they are still pursuing this case. And I would appreciate that. I think that's something that we very much want to know. But Your Honors are correct. You've identified that Mr. Brzezowski has made all efforts to seek his relief in state courts, and for an indigent and relatively uneducated individual, he's done a lot. He's filed habeas petitions at all levels of the state court system. He's filed mandamus actions, but at each turn, the court has denied him relief, largely on procedural grounds. And we believe that Mr. Brzezowski needs to be released. I would respectfully ask this court to reverse the district court's dismissal of his instructions to immediately release Mr. Brzezowski. He has spent more than enough time in prison, and it's time he be released. I would like to reserve the remainder of my time for rebuttals. Okay. Thank you, Mr. Mitchell. Thank you. Mr. Meyer. Good morning, Your Honor. Why is the state of Illinois still pursuing this case? Your Honor, on the record that we have available to us, the record shows that the Prisoner Review Board revoked Mr. Brzezowski's On what basis? Because he does not have an approved host site. What basis was it not approved? That the precise basis, the precise reason that his host site is not acceptable. They just presume there is nothing in the record to indicate why his mother's home is not a suitable place. And it is that lack of record evidence is the responsibility of petitioner. He has not exhausted his claims in state. Talk about futility of pursuing this case. You had a state court judge in 2016 say he has been incarcerated far longer than he should have been without the opportunity to make the transition to a law abiding citizen. For some reason, Judge Lundin denied the state habeas. But he made a It's ridiculous. Your Honor, may I address Judge Lundin? Well, you certainly may. Absolutely. So in state habeas law, a person who is legitimately on MSR is not eligible for state habeas corpus release, which is why Judge Lundin could not grant relief. Judge Lundin was mistaken. Well, this isn't state court. Oh, I understand that. But we're not bound by your MSR or whatever this thing is that he couldn't serve because his mother's house wasn't suitable for him to be here. I understand. I understand. But in state court, under the regime of state habeas corpus law, that relief is not available to him. As far as Judge Lundin's statement that Mr Brzezowski has been pursuing state court litigation with no relief, that's simply not correct. The state appellate court reversed his original 2012 convictions. And he pled guilty. Virtually what we would call time, sir. But that's really not what it turned out to be. He pled guilty. And then then he without ever being released, you say he can't do the MSR because he'd go to his mother's residence or MSW. So so, Your Honor, that that's correct. He pleaded guilty after it was after his convictions were reversed and the case was remanded. He pleaded guilty on July 22nd, 2015. And he was sentenced to three years, which was immediately extinguished upon his arrival at D.O.C. because of his time served credits. He had excess time served credits. That's not in dispute. But he was also sentenced to one automatic four year MSR term. And we don't know precisely why for no reason he's done that many more years in prison. Oh, Your Honor, I'm not. I am not. Uh, I do not take issue with your lamentation that the record does not the records. The record indicates that he has been short shrifted through this entire thing. And it wasn't till they got we finally got counsel appointed that anything happened. Well, Your Honor, again, his because he didn't have counsel. Just why did you explain why he doesn't have a place to live? Well, Your Honor, the record doesn't tell us why the PRB decided that, uh, that your agency, the state's agency. That's right, Your Honor. But it is the is the petitioner in a 23. What's the petitioner supposed to do if they don't indicate what is he supposed to ask him? Say, Why didn't you? What? Why is my mother house good enough? Well, precisely, Your Honor. And he's supposed to do that by in the mind. You've screwed up completely. This is ridiculous. Well, Your Honor, I should be very embarrassed. Be representing the state. Your Honor, as far as you see, I beg your pardon. Is he's not. This is idiocy. All he wants a place to live. As as Judge Katie said, is there anything wrong with his mother's house? Apparently, there hasn't been resolved because petitioner has not developed a state court record. Developed a state court record. You know exactly what the facts are. We don't, Your Honor. The record does not contain specific belongs in prison or what? Your Honor forever, Your Honor. The when does he get out? His MSR term is due to expired January 28, 2018. And and the underlying charge is it. He wrote a letter to his son and to it and a card to his son and a letter to his wife. You're right. That's correct. That's that was his. That was the action that violated the order. Right. Understand that his wife has been very assiduous in keeping in force since 2000 and seven. I believe Mr Brzezowski, as evident in his filings in this court, refuses to recognize the validity of his divorce, which I believe was finalized. What's that got to do with this case? Because he is clearly terrorizing his wife, who has so you're keeping him in prison because you say he's terrorizing his wife? No, no, no. That's not why we're keeping in prison. We're keeping. Well, then why are you? Because he is serving an MSR term. He's pro say you. He was not pro se in state court. He had counsel appointed when the case when it got reversed because he wasn't represented. That's right, Your Honor. But he but he wasn't represent. But that initial judgment, as we point out, this case is absolutely in many years as I've been on this court, the worst I've ever seen of the state pursuing a matter that they ought to give it up. Why don't you just give it up? Because you have. Well, first of all, I I don't have insight into the into the minds of the prosecution or the minds of. I understand you don't. And that is petitioner's responsibility as this court has held responsibility to pick their brains. No, it is. It is. This court has held in Katana versus Chandler and so stupid, Your Honor. I I beg to go and find a place to live, Your Honor. The record doesn't reflect the psychological impact. Look, he's on on supervised release. What's the M stand for? Mandatory. Mandatory supervised release. He was, I guess, suggested his elderly mother. Yes, that's where I read somewhere in there. That that is his. I don't know. I can't compare anything. I know when I took care of my elderly mother, she was in no position to harbor somebody now that we don't know that. Maybe you don't know that. That may be the reason the mother is not eligible for that. I don't know. This is a crazy case. We seem to have several today. Your Honor, if I may, we don't have that information. You go to Lisa Madigan, tell her that she's that that this case is an embarrassment to the state and tell her to resolve it. Your Honor, I will. I will do that. I will. I will. I will do. I will do just that. No, I don't want to hear any more from you. I want to hear one more thing. I want to hear one more thing, and that's about jurisdiction because you're alleging that. Yes, Your Honor. Well, what? Jurisdiction? Correct. This court has a jurisdiction over neither appeal in this case, neither 2016 appeal, nor do we do if it's futile. Your Honor, as regarding futility, petitioner is not pursuing futile goal. I mean, to the extent that his claims that say, Your Honor, he has been granted leave in his current mandamus action that's occurring in Sangamon County Circuit Court, he has been granted leave to file a fourth amended complaint in his mandamus action in which he can fourth amended complaint while while the time runs, he still stays in prison. But but but his efforts are not futile, Your Honor. He is. He is. He is. They're not futile. He's he's been in for 5.5 years, which is beyond any sentence imposed directly time imposed. Not forget the supervised release. But we can't forget the supervised release. It's an important part because Illinois has a rule that says, uh, we're the Department of Corrections could impose a sentence, not the judge. Apparently, no, Your Honor. The sentence was imposed by the judge. The mandatory supervised release term wasn't not only was imposed by the judge, it's mandated by statute. And then the Department of Corrections has custody of the petition of a defendant or of a con. Well, the state of Illinois, it seems to me in this case has taken this. I mean, it's it's ridiculous, Your Honor. Again, you're spending time pursuing this thing based on a on a card. We forget murder cases. You've got a postcard or in a Christmas card and a letter, and the wife is concerned that he may do something when he gets out. Maybe that's it. Is he? She have some pressure that she's putting on the state of Illinois, Your Honor. The only thing that we have in the record is that this ex wife has insisted. Oh, yes, Your Honor. Okay, but petitioner refuses to recognize the validity of his divorce. Who cares? Well, I'm sure that his ex wife cares. What's that got to do with this case? But because because if you get on on the raw equities, which which clearly this court is concerned about, and I understand that. But on the right, he's seeking some kind of remedy against him. She has. She is threatened by him. Apparently, Your Honor, because she has maintained and brought a lawsuit. I'm so sorry. Has she brought a lawsuit against him? I believe she has. But she has maintained an order of protection against him for 10 years, and that was in that order. Protection was recently renewed and is currently in force. Clearly, we don't. As far as the raw equity is violated, has he violated the continuing order of protection since the first violation? Well, he's he's been. He's been in prison. I don't. To my knowledge, he is not. I'm sorry. So she has an order of protection. Yes, sir. So the end of it. Well, as capable people in prison, just because there's an order of protection, Your Honor, I would say that the state's efforts realize how silly all this is. I don't think it's silly. If you put this story in a newspaper on TV, the state of Illinois would look like a nut. I don't think it's silly to enforce an order of protection that was granted to a Christmas card and a letter, and he's been and he has 5.5 years and he's still not through your as far as you're concerned. As far as the state's in order of protection, doesn't doesn't direct that the person against whom the order is is put in prison. Well, in this case, threatening her, if he's a danger to her, she can bring a suit against him or she can have an order of protection in the state has to enforce those orders in order of protection. But the state has to enforce the order of an order of protection by prisoning a person unless there is a threat of danger from that person. He's gonna assault her or something. Well, Your Honor, in this case, the order of protection prevented any contact and these mailers... Fine, so he's not allowed to have contact with. That doesn't mean he has to be kept in prison. Your Honor, as far as the prosecutorial discretion of pursuing... Oh, come on, that's not true. It's not true that orders of protection automatically lead to imprisonment of the person against whom the order is entered. But that is a matter for the state courts, Your Honor. In this case, the state court process is... No, you can't just imprison people with no basis for it. That's a matter of... That's why you're in federal court, because of what you've done. In fact, you kept him in prison. Your Honor, as far as... With no apparent reason, at least you say, well, he didn't do all the things he was supposed to do. There is no apparent reason why he's still in prison. He does not have an approved host state. That's all we know. And the facts behind that determination, which, as we point out in our brief, were made... That determination was made in accordance with the Due Process Clause. That determination is well founded as far as the record shows. The record does not provide the individual reasons. The reason for that is because Petitioner has not developed the factual basis for his claims in state court so that they can be properly before a federal court under 2254. Let me offer a hypothetical. Yes, Your Honor. It's mandatory supervised release. There's a protection order out, and hypothetically, the supervised release venue has to be where he can be monitored and prevented from doing what his ex-wife is afraid of him doing. Yes, Your Honor. That's a hypothetical. We don't know that. Correct. I know it's the only reason when we talk about his elderly mother. I don't know why they modified it with elderly, but that's what they said. That's what Petitioner has said. Petitioner... All from father and his ex-wife. I don't know if that's... I'm being hypothetical here. Sure, sure. Try to put this in some kind of a framework of why this has happened. Sure. And that's all we can do is hypothesize as to major important parts of the state court record that are missing because of Petitioner's failure to develop them. So, in closing, as far as the raw equities are concerned, we are dealing with a woman who has kept an order of protection in place, has pursued it, has made sure that it did not lapse for 10 years. So you seem to think that an order of protection authorizes the state to imprison a person, even if he hasn't actually done anything to endanger anybody. Well, Petitioner did violate the order of protection by sending these correspondents... Did he endanger her? What did he do to her? Well, I don't think that's the standard for violation of the order of protection. And the state has to be able to enforce an order of protection, otherwise it's meaningless... Well, they did. He's already served two and five and a half years. I'd say that's enforcing the order of protection. Petitioner is properly incarcerated as a result of... Yeah, your idea is he'll be incarcerated for life, unless he brings some kind of... Is able somehow to prove that he's harmless. Oh, no, your honor. He'll be out January 28th, 2018. How do you know? Because, as we pointed out in some of our later submissions to this court, initially, his four year MSR term was reduced to two years because he was projected to receive day for day good time credit. For some reason, we don't know why it's not in the record, six months of that good time credit was revoked. So instead of... So he was received by DOC January... Good time credit was revoked and you don't know why? It's not in the record, your honor. No, it's not. You just keep saying it. Of course, it's not in the record. Well, why don't you find out, for goodness sake? Well, your honor, in closing, I understand that the court is very frustrated with this case, but it is petitioner's responsibility under 2254 to substantiate his claims. He cannot simply make unfounded accusations and require the state to disprove them. Does he have a lawyer? He has so many pieces of paper. He does not have a lawyer in his mandamus action, but I believe he does have a lawyer in his habeas appeal, state habeas appeal. So he has a lawyer in some cases, not in others. If the court has no further questions... He has one in our case, anyway. I beg your pardon? He has one in our case. He does indeed. He does indeed. We would ask this court to dismiss both appeals for lack of jurisdiction, and in the alternative, we would ask the court to affirm the district court orders below. Thank you. Okay. Thank you, Mr. Meyer. Mr. Mitchell, do you have anything further? I just have a few additional comments. First, I would like to remind the court that the exhaustion doctrine is not jurisdictional, and that's the basis for the state arguing that there's no jurisdiction on this court. As the court rightfully recognizes, this case is ridiculous, it's stupid, it's nutty, and it is an embarrassment to the state of Illinois. And I would ask this court to vacate the district court's dismissal and order that Mr. Brzezowski be immediately released from IDOC custody. Thank you. Just to reiterate, our jurisdiction is not based on... It's based on... The court insists that there's no jurisdiction because he hasn't exhausted state court remedies. Exhaustion is not a jurisdictional requirement. It's about comedy and... It's comedy. Federalism. Whether we recognize the state of Illinois. Right, right. So there is jurisdiction in this case, and the court granted a certificate of appealability after recognizing that. And I would like to rest on our brief and all the arguments that were heard here today. Thank you. Okay. Thank you, Mr. Mitchell. And thank you for accepting the appointment. You did a nice job.